979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Dorrell R. COULTHRUST, Appellant.
 No. 91-3158.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 5, 1992.
 
 Before SILBERMAN, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed. We find no merit in appellant's claim that police conducted an illegal search and seizure of his luggage. Appellant abandoned the tote bag when he denied its ownership, thereby forfeiting any reasonable expectation of privacy in it. See United States v. Lewis, 921 F.2d 1294 (D.C.Cir.1990). We agree with appellant's second contention that the government violated his Miranda rights by introducing his un-Mirandized statements at trial. However, we find that use of the statements constituted harmless error because the defendant would have been convicted based on the remainder of the evidence. See Arizona v. Fulminante, 111 S.Ct. 1246 (1991). A reasonable jury certainly would have found that the presence of the appellant's photo identification, his wallet, and a bus ticket in the tote bag sufficiently linked appellant to the cocaine found there. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.